**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:**

**RIVERTREE LANDING, LLC**

**Case No.6:07-mc-104-GAP-DAB**

**v.**

**JULIANNE E. MURPHY**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO QUASH SUBPOENAS (Doc. No. 3)** |
| **FILED:** | **November 8, 2007** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

The Court denied the initial motion as incomprehensible, but allowed for renewal of the motion "upon a proper showing of jurisdiction and adequate grounds for relief."

The instant motion seeks to "object" to five subpoenas,[1] only four of which were issued by this Court, and all of which are for production dates that have since passed. The grounds for the objection appear to be Defendant's belief that "the subpoenas . . . are not relevant to the charges in Plaintiff's Complaint." The relief sought is entry of an order "sustaining Defendant's objection, quashing the subpoenas to Suntrust, First Bank Coastal, First Bank Chatham, and limit [sic] the scope of discovery

---

[1] The subpoenas identified were issued to Suntrust Bank, Bank of America (issued by the District Court in the Southern District of Florida), Patrick Raley, Thomas A. Thomas, and Baker & Hostetler.

on all other subpoenas to 2003 and 2004 records regarding the transfers of Xethanol stock and cash transfers at Bank of America."

It appears that Defendant is attempting to file objections to these non-party subpoenas under Rule 45(c)(2)(B), Federal Rules of Civil Procedure.[2] That Rule, however, allows for the *subpoenaed party* to file objections, in a timely fashion, neither of which has occurred here. Assuming Plaintiff has complied with the Rules of Civil Procedure, Plaintiff should have given Defendant prior notice of the subpoenas, in accordance with Rule 5(b). Thus, Defendant (if adequate grounds existed) could *timely* move for a protective order in the underlying litigation, or move to quash the subpoenas, in the Court of issuance. Indeed, it appears that Defendant filed objections to the same subpoenas in the underlying case in Illinois, seeking the same relief sought here, and those "objections" are still pending. *See* Case No. 1:07-cv-0105, Doc. No. 27.

As this Court has no jurisdiction over any subpoena not issued by this Court, it has no jurisdiction over "all other subpoenas." Moreover, to the extent the motion seeks to quash subpoenas issued to First Bank Coastal and First Bank Chatham, neither of these subpoenas were apparently issued by this Court. As best this Court can tell, the only matter properly presented by this motion is a motion to quash directed to the SunTrust Bank subpoena, and, very liberally construed, a motion to modify the remaining three subpoenas issued under the authority of this Court. The motion, so limited and construed, is **denied.**

In addition to being untimely, the motion directly implicates the scope of discovery in the underlying action, a matter best reserved for the trial court, especially considering the limited record and argument presented here and the fact that Defendant has already asserted her objections in that

---

[2]It may be that movant is proceeding under Rule 26(c). If so, the matter is certainly better committed to consideration by the Court where the action is pending.

court. As such, assuming the discovery (all of which was scheduled for November 1 or 3) has not already taken place, the motion is **denied**, without prejudice to consideration by Judge Bucklo or Magistrate Judge Ashman.

   **DONE** and **ORDERED** in Orlando, Florida on November 9, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
District Judge Elaine E. Bucklo
U.S. District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, Illinois 60604

Magistrate Judge Martin C. Ashman
U.S. District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, Illinois 60604

Counsel of Record